# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### STATESVILLE DIVISION
### CIVIL ACTION NO. 5:21-CV-00059-KDB-DCK

| | |
|---|---|
| **KELLY FANELLO,** | |
| **Plaintiff,** | |
| **v.** | **ORDER** |
| **MCLANE FOODSERVICE, INC. ,** | |
| **Defendant.** | |

**THIS MATTER** is before the Court on Defendant McLane Foodservice, Inc.'s Motion for Summary Judgment (Doc. No. 20). The Court has carefully considered this motion and the parties' briefs and exhibits. As discussed below, the Court finds that there are genuinely disputed issues of material facts with respect to Plaintiff Kelly Fanello's claim that McLane was negligent in stacking boxes of pizza ingredients that fell and injured Fanello when she opened the freezer of the Pizza Hut where she worked. Therefore, the Court will **DENY** the motion.

## I.      LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *United States v. 8.929 Acres of Land in Arlington Cnty., Virginia*, 36 F.4th 240, 252 (4th Cir. 2022) (quoting Fed. R. Civ. P. 56(a)); *see United States, f/u/b Modern Mosaic, LTD v. Turner Construction Co*., *et al*., 946 F.3d 201, 206 (4th Cir. 2019).  A factual dispute is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *8.929 Acres of Land,* 36 F.4th at 252. "A fact is material if it might

Case 5:21-cv-00059-KDB-DCK   Document 26   Filed 08/29/22   Page 1 of 6

affect the outcome of the suit under the governing law." *Id.*, (quoting *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013)).

The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact through citations to the pleadings, depositions, answers to interrogatories, admissions or affidavits in the record. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (when the nonmoving party "has failed to make a sufficient showing on an essential element of [his] claim with respect to which [he] has the burden of proof," summary judgment is warranted); *United States ex rel. Gugenheim v. Meridian Senior Living, LLC*, 36 F.4th 173, 178 (4th Cir. 2022). If the movant satisfies his initial burden to demonstrate "an absence of evidence to support the nonmoving party's case," the burden shifts to the nonmovant to "present specific facts showing that there is a genuine issue for trial." *8.929 Acres of Land,* 36 F.4th at 252, quoting *Humphreys & Partners Architects, L.P. v. Lessard Design, Inc.*, 790 F.3d 532, 540 (4th Cir. 2015). "The mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Hixson v. Moran*, 1 F.4th 297, 302 (4th Cir. 2021). Rather, the nonmoving party must establish that a material fact is genuinely disputed by, *inter alia*, "citing to particular parts of the materials of record" and cannot rely only on "conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Fed. R. Civ. P. 56(c)(1)(A); *8.929 Acres of Land,* 36 F.4th at 252, quoting *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013).

Still, summary judgment is not intended to be a substitute for a trial of the facts. *Anderson*, 477 U.S. at 249. In determining if summary judgment is appropriate, "courts must view the evidence in the light most favorable to the nonmoving party and refrain from weigh[ing] the evidence or mak[ing] credibility determinations." *Variety Stores, Inc. v. Wal-Mart Stores, Inc.*,

2

888 F.3d 651, 659 (4th Cir. 2018) (internal quotation marks omitted) (quoting *Lee v. Town of Seaboard*, 863 F.3d 323, 327 (4th Cir. 2017). "Summary judgment cannot be granted merely because the court believes that the movant will prevail if the action is tried on the merits." *Jacobs v. N.C. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015) (quoting 10A Charles Alan Wright & Arthur R. Miller et al., Federal Practice & Procedure § 2728 (3d ed.1998)).

In the end, the relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52.

## II.    FACTS AND PROCEDURAL HISTORY

McLane is a wholesale food supplier for several chain restaurants, including the Sherrill's Ford Pizza Hut (the "Pizza Hut"), where Fanello worked as an assistant manager. Deliveries at the Sherrill's Ford location were made via a key drop system where McLane would arrive overnight, deliver the ordered supplies, then lock up the store and leave. On the morning of January 11, 2020, McLane delivered a larger than normal order of fifteen boxes of frozen ingredients to the store, which was very busy because it was a new location. McLane's employee Carlton Fuller delivered the shipment and stacked the boxes in the Pizza Hut's freezer, completing his delivery before any Pizza Hut employees arrived for the day. Plaintiff alleges that the boxes were stacked to the ceiling of the freezer, which Fuller disputes.

Later the same morning, Fanello opened the store at 7 a.m. as its first employee to prepare for its 11:00 a.m. opening. One of her first tasks was to review McLane's delivery to make sure McLane had delivered each of the requested items. After checking in the dry goods and items in the refrigerator, Fanello opened the freezer door to check the frozen products. When she did so, the boxes that McLane had delivered fell out of the freezer and on top of her, injuring

her. Fanello was alone in the store when the incident happened and no person other than Fanello had access to the store between McLane's delivery of the boxes and her injury. Fanello remembers "boxes falling on top of [her][,] and honestly [doesn't] remember… anything after that. She was passed out." In particular, other than noticing the height of the boxes, she did not specifically see how they were stacked.

Brian East, another Pizza Hut employee, testified that he found Fanello, "laying on the floor [with] a bunch of boxes laying around her." After helping her out of the freezer, East took pictures of the scene and says that he noticed that heavier boxes appeared to have fallen further out of the fridge. Also, East offered his opinion that this could only have happened if the boxes were stacked with the heavier boxes on top.

### III.    DISCUSSION

Under North Carolina law, to prove negligence a plaintiff must offer evidence of the essential elements of negligence: (1) a legal duty; (2) breach of that duty; (3) actual and proximate causation; and (4) injury. *Estate of Long v. Fowler*, 270 N.C. App. 241, 251, 841 S.E.2d 290, 299 (2020); *A.G. v. Fattaleh*, No. 520CV00165KDBDCK, 2022 WL 2758607, at *4 (W.D.N.C. July 14, 2022). In this action, McLane contends that it is entitled to summary judgment because Fanello "has not offered any evidence that Defendant breached a duty of care or that any act or omission of Defendant proximately caused Plaintiff's injury." Doc. No. 21 at 7. Specifically, McLane argues that because Fanello has not offered definitive proof of exactly "why" or "how" the boxes fell she cannot succeed in proving negligence. In response, Plaintiff says that there is evidence that McLane negligently stacked the boxes "too high" with heavier boxes on top, which led to the box stack being unstable and falling when the freezer door opened.

4

Mindful of the governing rule – acknowledged by both parties – that "[w]hen ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party," *Jones v. Lowe's Companies, Inc.*, 402 F. Supp. 3d 266, 276 (W.D.N.C. 2019), the Court agrees with Plaintiff that her negligence claim can go forward, at least until the presentation of her case at trial. Even McLane's employee Fuller agrees that there was a limit to how high the boxes of pizza ingredients could safely be stacked in the Pizza Hut freezer. *See* Doc. No. 25-4 at p.6 (Fuller testifying in his deposition that stacking the boxes on top of each other in a certain way would have made them "too high."). And, it is similarly clear that there is a factual dispute between the parties concerning how high the boxes were stacked. Fanello testified that the boxes "were just high as I pulled the door open…all I remember is opening it and look – and seeing boxes like all the way stacked up and just falling on top of me." In turn, Fuller says that the report about the stacked boxes falling on Plaintiff was "false," and that he did not stack the boxes the way they were shown in the pictures taken after Plaintiff was injured.[1] Doc. No. 21-4 at 10. Thus, a jury, not this Court, must decide whether McLane negligently stacked the boxes "too high" in the Pizza Hut freezer.

Further, Plaintiff has forecast sufficient evidence from which a reasonable jury could conclude that the alleged negligent stacking of boxes proximately caused Plaintiff's injuries. While the absence of a video camera in the freezer makes it unlikely that the exact reason that

---

[1] Defendant suggests that the size of the freezer may have required the boxes to be stacked high, arguing in effect that the Pizza Hut ordered more product than could safely be stacked in the freezer. However, if the amount of product ordered could not be properly left in the freezer without being a danger to the Pizza Hut employees then it was up to McLane to, if it chose to deliver the full order, to at least notify the Pizza Hut of that danger. *See Proper v. Great Atlantic & Pacific Tea Co.*, 212 N.C. 393, 193 S.E. 275 (1937) (Plaintiff can show that a Defendant was negligent by not warning her when it saw her standing below an object that was likely to fall when the Defendant moved it).

the boxes fell as soon as the freezer door opened will ever be definitively known, Plaintiff may present evidence from the pictures taken after the boxes fell that will allow the jury to sufficiently infer proximate cause under the circumstances. In other words, if the jury finds that Defendant stacked the boxes "too high" just behind a closed door, then Defendant cannot escape liability as a matter of law because the plaintiff is quickly knocked out by the falling boxes so that the only evidence of how the accident occurred must be reconstructed by the pictures taken afterwards. To be clear, at trial Plaintiff will bear the burden of proving all the elements of negligence, including causation, and Defendant will be able to present and argue to the jury evidence of other reasons for the boxes falling that negate proximate cause. However, McLane is not entitled to avoid trial altogether by summary judgment.

## IV.   ORDER

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion for Summary Judgment (Doc. No. 20) is **DENIED**; and

2. This case shall proceed to trial on the merits on the remaining claims in the absence of a voluntary resolution of the dispute among the parties.

**SO ORDERED ADJUDGED AND DECREED**.

Signed: August 29, 2022

Kenneth D. Bell
United States District Judge

6