IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:21-CV-00059-KDB-DCK

| | |
|---|---|
| KELLY FANELLO, | |
| Plaintiff, | |
| v. | **ORDER** |
| MCLANE FOODSERVICE, INC., | |
| Defendant. | |

**THIS MATTER** is before the Court on the Defendant's Motions in Limine. (Doc. No. 36). The Court has carefully considered these motions, the parties' briefs, and oral argument on the motions from the parties' counsel on November 8, 2022. For the reasons and in the manner discussed below, the Court will partially grant and partially deny the motion.

I. Uncontested Motions

First, several of the Defendant's motions are unopposed. In response to motions 1-3, 10, and 18-21 Plaintiff responses that she "does not object to this Motion in Limine and does not intend to argue against it at the pretrial hearing." *See* Doc. No. 40. Accordingly, the Court will grant these unopposed motions.

II. Motions Five and Six: Medical Records and Expert Testimony related to Medical Costs

The Defendant moves to preclude the Plaintiff from referencing any physicians or medical records or bills, witnesses, documents, or expert testimony not timely disclosed during discovery. *See* Doc. No. 36, at # 5-6. Defendant seeks to exclude Plaintiff's September 13, 2022, disclosure

1

of new medical records related to a December 2021 car accident[1] and an August 2022 surgical procedure, medical records produced for the first time on October 12, 2022, and expert testimony related to these late disclosures. Defendant maintains this recently produced documentation constitutes an "unfair surprise" and prevents Defendant from a reasonable opportunity to conduct further discovery and prepare its case.

Plaintiff retorts the disclosures made on September 13, 2022, contained bills and records from a recent surgery Plaintiff underwent in connection with the injures she sustained on January 11, 2020. The surgery took place on August 1, 2022, after the close of discovery. In previously disclosed medical records produced, the Plaintiff's treating physicians suggested that hardware removal might be necessary. *See* Doc. No. 40-1, p. 2. This information was confirmed by Dr. Waldman in his deposition testimony and was known to Defendant before the end of their expert designation window. Therefore, although the disclosures were made after the close of discovery, Plaintiff contends the information did not create an unfair surprise to the Defendant.

Under Rule 26(e) of the Federal Rules of Civil Procedure, a party must supplement or correct its rule 26(a) disclosures and any other discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the parties during the discovery process or in writing." Courts are "accorded broad discretion in determining whether a party's nondisclosure or untimely disclosure of evidence is substantially justified or harmless." *See Karmel v. 5church, Inc.*, 2019 U.S. Dist. LEXIS 184113 (2019) ( citing *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017)). The Fourth Circuit has held:

---

[1] Plaintiff's counsel has represented to the Court that he does not intend to offer any medical records related to the December 2021 car accident and simply produced them to fulfill his discovery obligations.

2

> In exercising its broad discretion to determine whether a non-disclosure of evidence is substantially justified or harmless for the purposes of rule 37(c)(1) exclusion analysis, a District Court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of the party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; (5) the non-disclosing parties explanation for its failure to disclose the evidence.

*Id* (citing *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). "The first four factors listed above relate primarily to the harmlessness exception, while the last factor, addressing the party's explanation for its nondisclosure, relates mainly to the substantial justification exception." *Bresler*, 855 F.3d at 190. District courts are not required, however, to expressly consider each factor in deciding whether a nondisclosure or untimely disclosure was substantially justified or harmless. *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014); *Hoyle v. Freightliner*, LLC, 650 F.3d 321, 330 (4th Cir. 2011).

Considering these factors, the Court finds that the introduction of this medical evidence and expert testimony will not result in an unfair surprise to the Defendant and the Plaintiff's reason for the late disclosure is substantially justified. The late disclosures either covered events that took place after the close of discovery or supplemented prior disclosures with additional information. The records disclosed on September 13, 2022, which related to Plaintiff's August 2022 surgery, were requested as soon as practically possible. Likewise, the disclosures made on October 12, 2022, contained information that Plaintiff already disclosed or, supplemented prior disclosures to ensure parties had up to date information for medical expenses. Further, Plaintiff designated their expert witness well before the May 4, 2022, deadline. This gave the Defendant abundant time to retain an expert. Yet Defendant failed to retain an expert to testify about any of Plaintiff's prior surgeries or the possibility of future surgeries.

3

Simply put, there is no prejudice or unfair surprise by the Plaintiff supplementing their previous disclosures to include related events which took place after the deadline and relevant information received after the deadline. As such, the Court will deny the Defendant's Motion as to the fifth and six motions.

III. Motion Fourteen: Inference of Negligence

Defendant argues that Plaintiff should be prohibited from making any argument that urges the jury to make an inference of negligence, or that this is the type of injury that does not normally occur without negligence. The Defendant also seeks to preclude the application of the doctrine of *res ipsa loquitur*. Plaintiff retorts that juries may draw inferences based on the evidence.

*Res ipsa loquitur* applies when "(1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident is under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission." *Alston v. Granville Health Sys.*, 221 N.C. App. 416, 419, 727 S.E.2d 877, 879 (2012) (quoting *Grigg v. Lester,* 102 N.C. App. 332, 333, 401 S.E.2d 657, 657–58 (1991)). If these facts are present, there will be a presumption of negligence without a plaintiff having to directly show that the defendant failed to exercise reasonable care. *See Bowlin v. Duke Univ*., 108 N.C. App. 145, 149, 423 S.E.2d 320, 322 (1992) ("*Res ipsa loquitur* is a doctrine addressed to those situations where the facts or circumstances accompanying an injury by their very nature raise a presumption of negligence on the part of defendant."). However, a presumption is different from an inference. *See Smith v. Bohlen*, 95 N.C. App. 347, 350, 382 S.E.2d 812, 814 (1989) ("An inference is merely a permissible deduction from the evidence; a presumption is compulsory and is binding on the jury unless there is sufficient proof to rebut it.").

4

Case 5:21-cv-00059-KDB-DCK   Document 46   Filed 11/08/22   Page 4 of 6

Here, Plaintiff has not plead or otherwise sought the application of a *res ispa loquitur* presumption. *See* Doc. Nos. 8, 35, 39, 40. There is thus no need for the Court to preclude the application of the doctrine of *res ipsa loquitur.* Furthermore, jurors are permitted to infer, based on their reason, experience, and common sense, that some other fact exists based on circumstantial evidence. The Court accordingly will deny the Defendant's Motion as to an inference of negligence.

IV. Motion Twenty-Two: Evidence of Lost Wages

Defendant requests that this Court prohibit any evidence of Plaintiff's alleged lost wages. Defendant contends that Plaintiff has produced no substantiating evidence of such damages in discovery and no expert witness has been designated on this issue. Plaintiff contends that she produced multiple pieces of evidence related to her lost wages including pay stubs, employment summaries, a copy of Plaintiff's North Carolina Industrial Commission Form 22 from her workers compensation file, and copies of her direct payroll registry *See* Doc. No. 40-3.

Plaintiff has timely produced some evidence of her lost wages. Whether this evidence is sufficient for her to prevail on the issue of damages will be decided by the jury. The Court will therefore deny the Defendant's motion in relation to evidence Plaintiff's lost wages.

V. Remaining Motions

Defendant's remaining motions in limine assert premature and generalized arguments related to evidence that has not been specified. The Court declines to give the parties an advisory ruling that in effect simply states that the Court will apply the rules of evidence or civil procedure properly to the evidence presented at trial. Accordingly, Defendants' motions 4, 7-9, 11-13, 15-17 are denied without prejudice. The Parties may raise appropriate objections to the evidence presented at trial, and the Court will rule on those objections as they are made.

**NOW THEREFORE IT IS ORDERED THAT:**

1. Defendant's Motion in Limine, (Doc. No. 36), is **DENIED in part and GRANTED in part**:

    a. Granted as to motions 1-3, 10, and 18-2;

    b. Denied as to motions 5-6, 14, and 22;

    c. Denied, without prejudice, as to motions 4, 7-9, 11-13, and 15-17.

**SO ORDERED**

Signed: November 8,

Kenneth D. Bell
United States District Judge